NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AIRDEFENSE, INC., | Case Number C 05-04615JF |
| Plaintiff, | ORDER[1] GRANTING THE MOTION TO DISMISS |
| v. | [re: docket no. 43] |
| AIRTIGHT NETWORKS, INC., | |
| Defendant. | |

Defendant AirTight Networks, Inc. ("AirTight") moves to dismiss claims two through seven alleged by Plaintiff AirDefense, Inc. ("AirDefense") for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). AirDefense opposes the motion. The Court heard oral argument on July 14, 2006. For the reasons set forth below, the Court will grant the motion with leave to amend.

## I. BACKGROUND

AirDefense filed its original complaint on November 9, 2005 and the operative First Amended Complaint ("FAC") (corrected version) on June 1, 2006. The FAC alleges seven

---

[1] This disposition is not designated for publication and may not be cited.

claims for relief: (1) Misappropriation of Trade Secrets, Cal. Civ. Code §§ 3426, *et seq.*; (2) Unfair Competition, Common Law; (3) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200-09; (4) Intentional Interference with Contractual Relations; (5) Intentional Interference with Prospective Economic Advantage; (6) Conversion; and (7) Unjust Enrichment.

AirDefense alleges the following. In 2001, AirDefense began developing, marketing and selling advanced solutions for controlling airspace, security, policy, and operational support for wireless fidelity ("Wi-Fi") networks. AirDefense solutions are configured to work with numerous vendors, network protocols, and devices. AirDefense alleges that its products have gained widespread success and won numerous awards.

Current AirDefense customers may access the source code for AirDefense products pursuant to a contract that prevents them from sharing the products with or providing the products to third parties. The source code and products are not otherwise available to the open market. Select AirDefense employees may also access the source code if it is necessary to their job functions. Resellers of AirDefense products are prohibited contractually from disclosing or selling AirDefense's confidential information, including the software, source code, and products, to anyone other than those who need the information and who agree to maintain confidentiality regarding the product. AirDefense's protocols and tools are confidential and made available to employees only as needed. The protocols and tools are unavailable to any other entity, including current customers.

AirDefense alleges that it has spent a substantial amount of time, effort, and money creating, developing, and maintaining its customer lists and prospective customer lists. These lists are confidential and are considered by AirDefense to be among its most valuable trade secrets. Access to the customer lists is limited to a select group of AirDefense employees and is never shared with anyone outside of AirDefense.

Scott Strelitz ("Strelitz"), a former salesperson for AirDefense, left AirDefense on or about June 30, 2005. AirDefense alleges that Strelitz provided confidential customer lists and prospective customer lists to Steve Skordilis ("Skordilis"), an AirTight salesperson, on or about September 6, 2005. This exchange is alleged to have taken place at a reseller event where

2

Skordilis extracted the confidential information from a Universal Serial Bus ("USB") key provided by Strelitz. Skordilis subsequently provided this information to Brad Taylor ("Taylor"), Vice President of Sales for AirTight.

AirDefense alleges that AirTight has been "actively" soliciting the entities listed on AirDefense's customer lists. AirDefense believes that AirTight has been contacting AirDefense's customers and offering to replace AirDefense's products with those of AirTight. Furthermore, AirTight is representing to customers that it is replacing AirDefense as the supplier of "Wireless Intrusion Protection Systems" to other customers, a representation that AirDefense alleges is false. AirDefense further alleges that Strelitz also provided AirTight employees with specific customer information related to AirDefense's products, such as product functionality and performance, and its dealings with current and prospective customers as they relate to such products.

On October 5, 2004, Strelitz signed an offer letter with AirDefense. The letter stated that the offer was "contingent upon [him] signing the Company's Confidentiality Agreement." On October 6, 2004, Strelitz signed the "Confidentiality Agreement," which provides that he is prohibited from giving any trade secrets or confidential information to others. The agreement also stated that upon termination he was not to take with him any of AirDefense's documents, data, programs or customer lists. AirDefense alleges that both Skordilis and AirTight were aware of Strelitz's confidentiality agreement, and that AirTight "induced" Skordilis to share the information with Strelitz and other AirTight employees.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## II. DISCUSSION

Although AirTight moves to dismiss claims two through seven, AirTight does not seek to dismiss claim one, for misappropriation of trade secrets under California Civil Code § 3426. AirTight argues that claims two through seven allege either (1) the misuse of non-public, secret information, which is preempted by the California Trade Secrets Act ("CUTSA"), or (2) the misuse of non-secret business information, as to which the claims are precluded by the Supremacy Clause and the Business and Professions Code § 16600. AirTight alternatively argues that claims five, six, and seven fail to allege the requisite elements of the torts upon which the claims are based.

### A. Preemption by California's Uniform Trade Secrets Act

"California has adopted without significant change the Uniform Trade Secrets Act." *DVD Copy Control Ass'n, Inc. v. Bunner*, 31 Cal. 4th 864, 874 (2003). The primary purpose of California's trade secret law "is to promote and reward innovation and technological development and maintain commercial ethics." *Id.* at 878. The enactment of the CUTSA provided "'unitary definitions of trade secret and trade secret misappropriation, and a single statute of limitations for the various property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual liability utilized at common law.'" *American Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622, 630 (1989) (quoting Commissioners' Prefatory Note to Uniform Trade Secrets Act, 14 West (U.L.A.) 537, 538). Federal courts have interpreted the CUTSA as superseding common law claims of misappropriation. *See Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F.3d 619, 624 (9th Cir. 1999); *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1034-35 (N.D. Cal. 2005) (holding that unfair competition and unjust enrichment were preempted by the CUTSA because these claims were based on the "identical facts alleged in its claim for misappropriation of trade secrets"); *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 953 (N.D. Cal. 2003); *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F. Supp. 2d 216, 219 (D. Del. 2004) (holding that the CUTSA "preempts common law claims that 'are based on misappropriation of a trade secret'"); *B. Braun Medical, Inc. v. Rogers*, 163 Fed. Appx. 500, 508 (9th Cir. 2006) (stating that the language of CUTSA

"has been interpreted to mean that the CUTSA was intended to occupy the field [of trade secret misappropriation] in California").  The California Court of Appeals also has suggested that common law claims for trade secret misappropriation are preempted by the CUTSA.  *See Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App. 3d 1327, 1345 n.22 (1990) (holding that because the complaint had been filed before the CUTSA was enacted, common law applied).

At the same time, the CUTSA "does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets" unless it is expressly provided for in the statute, California Civil Code § 3426.7(a), and it "does not affect . . . other civil remedies that are not based upon misappropriation of a trade secret . . . ." Cal. Civ. Code § 3426.7(b).  Accordingly, courts have inferred that claims arising out of facts similar to, but distinct from, those underlying a claim for misappropriation of trade secret are not preempted.  *See Digital*, 370 F. Supp. 2d at 1034-35 (distinguishing the situation at issue in *Digital* from prior cases, such as *PostX*, *PostX Corp. v. Secure Data*, 2004 WL 2663518, because those prior cases dealt with claims not "premised on precisely the same nucleus of facts").

AirTight argues that to the extent that claims two through seven allege misuse of non-public, secret information, they are preempted by the CUTSA because they are duplicative of the claim for trade secret misappropriation.  AirDefense acknowledges the CUTSA preempts some common law claims, but argues that the CUTSA does not preempt *all* common law or statutory causes of action that relate to the trade secret.  AirDefense argues that its alternative claims are not preempted because they arise out of factual allegations distinct from those that give rise to the claim for trade secret misappropriation.

AirDefense requests that the Court defer a decision as to whether the claims are preempted by the CUTSA until it makes a preliminary determination as to whether AirDefense's confidential information constitutes a trade secret.  AirDefense relies on *Callaway Golf*, which states that: "[E]ven if [the] claims for patent title, conversion, and unjust enrichment are preempted by [the CUTSA], it may plead in the alternative, or assert alternative recoveries, in the event that certain information does not qualify as a 'trade secret' under [the CUTSA]." *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 437 (D. Del. 2003).

However, in a later decision, the same court, while acknowledging its previous holding in *Callaway Golf*, held that the alternative claims either were based on trade misappropriation and preempted by the CUTSA *or* were based on public information that cannot be protected. *See Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.*, 318 F. Supp. 2d 216, 219-21 (D. Del. 2004). During oral argument, counsel for AirDefense pointed out that the court in *City Solutions* allowed alternative claims to proceed; however, the court in *City Solutions* did not address the issue of preemption. *See City Solutions, Inc. v. Clear Channel Commc'ns*, 365 F.3d 835 (9th Cir. 2004).

AirDefense also argues that neither the California Supreme Court nor the California Court of Appeal has addressed which claims are preempted by the CUTSA. However, as previously discussed, multiple federal courts have determined that claims based on the same factual allegations as the claim for misappropriation of trade secrets are preempted. *Supra* pp. 4-5. Accordingly, it is appropriate for this Court to determine whether claims two through seven are preempted based on whether they arise from the same allegations as those that give rise to the claim for misappropriation of trade secrets.

1.      *Common Law Unfair Competition*

The claim for common law unfair competition in California has four elements: (1) a substantial investment of "time, skill or money in developing its property;" (2) appropriation and use of the property by another company at little or no cost; (3) the appropriation and use of the "property was without the authorization or consent . . . ;" and (4) injury by the appropriation and use. *City Solutions*, 365 F.3d at 842. AirDefense argues that this claim is based not only on the information that was misappropriated but also on what AirTight did with the information. However, if the information was not misappropriated, AirTight has the right to use it. Thus, the claim for common law unfair competition is based on the underlying allegation of trade secret misappropriation and is preempted by the CUTSA.

2.      *Unfair Competition, California Business and Professions Code §§ 17200-09*

AirDefense bases its claim for unfair competition under California Business and Professions Code §§ 17200-09 on its allegation that AirTight violated the CUTSA. Section

6

17200 allows claims to be brought for "unlawful, unfair or fraudulent" business practices. AirDefense argues that AirTight has committed business acts and practices that are "unlawful" *and* "unfair," and that these acts are based on facts other than those giving rise to the misappropriation of trade secrets, such as "the improper solicitation of AirDefense's current and prospective customers and false representations made thereto." Opposition p. 15.

Under § 17200, an "unlawful" business practice arises from the violation of another statute. *See Matoff v. Brinker Rest. Corp.*, 2006 WL 1851442 (C.D. Cal. 2006). Because the only statute that AirDefense identifies as being violated is the CUTSA, its unfair competition claim based on "unlawful" business practices is preempted.

A claim under § 17200 also may be based on an "unfair" business practices. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (holding that a business practice "may be deemed unfair even if not specifically proscribed by some other law"). "The word 'unfair' in [§ 17200] means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* at 187. AirDefense alleges that AirTight's business practices are unfair because they "impair fair and honest competition and otherwise significantly harm competition in the market for AirDefense's products and services." FAC ¶ 64. However, if the customer lists are trade secrets, a claim based on their use is preempted by the CUTSA; if the lists are public information, it is unclear how AirTight's actions constitute an "unfair" business practice. In other sections of the FAC, AirDefense alleges that AirTight made false representations, but it is unclear if AirDefense is relying on these false representations for the unfair competition claim, and if it is relying on them, it is unclear how the false representations meet the threshold of an "unfair" business practice.

Accordingly, the Court concludes that the unfair competition claim as based on an "unlawful" business practice, is preempted by the CUTSA, and the unfair competition claim based on an "unfair" business practice is either preempted or insufficient as a matter of law.

3.    *Intentional Interference with Contractual Relations*

7

AirDefense states that AirTight's "intentional acts . . . were designed to induce breach or disruption of this contractual relationship." FAC ¶ 70. The CUTSA expressly preempts this claim: "'Improper means' includes . . . breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." Cal. Civ. Code § 3426.1(a). AirDefense argues that the claim for intentional interference with contractual relations is not preempted because the court in *AccuImage* allowed the plaintiff's claim for interference with contractual relations to be dismissed with leave to amend. *See AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003). However, the court in *AccuImage* simply did not address preemption as to the claims for interference with contractual relations and interference with prospective economic advantage; preemption was only raised as a defense to the claim for common law misappropriation of trade secret.[2] *Id.* at 953-58. AirDefense also argues that the holding in *Powell* supports its claim for intentional interference with contractual relations. *See Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469 (D. Colo. 1996). *Powell*, however, is distinguishable. Courts, other than those applying Colorado law, have generally interpreted UTSA broadly. *See id.* at 1474-75. *Powell* held that the Colorado UTSA "only preempts common law claims that 'conflict' with its provisions." *Id.* at 1474. The California legislature chose not to incorporate the section of the UTSA that included the word "conflicting." *See* Cal. Civ. Code § 3426.7; *See* Unif.Trade Secrets Act § 7. While the Colorado UTSA displaces only "conflicting" law, the CUTSA displaces all claims arising from the misappropriation of trade secrets except those "expressly provided" for in superseding statutes and those dealing with criminal and contractual remedies. *See* Cal. Civ. Code § 3426.7(a)-(b); *see also* Colo. Rev. Stat. § 7-74-110(1). Accordingly, the claim for intentional interference with contractual relations is preempted.

4.    *Intentional Interference with Prospective Economic Advantage*

The elements for the claim of intentional interference with prospective economic advantage are: "1) an existing economic relationship or one 'containing the probability of future

---

[2] The Court held that the claim for common law misappropriation of trade secrets was preempted by the CUTSA.

Case No. C 05-04615 JF
ORDER GRANTING THE MOTION TO DISMISS
(JFEX1)

economic benefit'; 2) knowledge by the defendant of the relationship; 3) acts by defendant designed to disrupt the relationship; 4) actual disruption of the relationship; 5) damages proximately caused by the acts of the defendant." *AccuImage Diagnostics Corp.*, 260 F. Supp. 2d at 956 (quoting *Della Penna v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 380 n.1 (1995)). AirDefense alleges that AirTight had knowledge of its economic relationship with its customers because AirTight "had access to and used AirDefense's Customer Lists and other customer specific information that it wrongfully obtained." FAC ¶ 77. AirDefense also alleges that AirTight "made false representations to AirDefense's existing and potential customers concerning AirDefense products and capabilities and . . . the capabilities of AirTight's current and/or future products." FAC ¶ 80. Because these allegations are additional to the facts alleged with respect to the claim of misappropriation of trade secrets, this claim is not preempted by the CUTSA.[3]

*5.     Conversion*

AirDefense alleges that AirTight "wrongfully converted valuable property belonging to AirDefense, including AirDefense proprietary and confidential information." FAC ¶ 83. Because this claim is based on the same facts as those underlying the claim for misappropriation of trade secrets, it is preempted by the CUTSA.

*6.     Unjust Enrichment*

AirDefense alleges that AirTight "received a benefit and unjustly retained and continues to retain that benefit at the expense of and without compensating AirDefense." FAC ¶ 86. Because this claim also arises from the same facts as the claim for misappropriation of trade secrets, it also is preempted.

**B.     Non-secret information**

AirTight also argues that if and to the extent that AirDefense alleges the misuse of non-secret business information, the claims based on these allegations must be dismissed pursuant to the Supremacy Clause and Business and Professions Code § 16600.

---

[3] However, as discussed below, the Court concludes that AirDefense has failed to allege adequately the elements of this claim.

*1.    Supremacy Clause*

Pursuant to the Supremacy Clause, U.S. Const. Art. VI, cl. 2,  federal law preempts state law when there is an "express preemption by statute." *Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*, 410 F.3d 492, 495 (9th Cir. 2005).  Relying on *Sammons*, *Sammons & Sons v. Ladd-Fab, Inc.*, 138 Cal. App. 3d 306, 312-13 (1982), AirTight argues that AirDefense's claims based on the use of non-secret information are barred by the Supremacy Clause.  However, *Sammons* stands only for the propositions that if something can be patented or copyrighted, there is protection for it under federal law and thus it cannot be protected by state law. *Id.  Sammons* does not address customer lists, which cannot be patented or copyrighted. *Id.*  AirTight does not identify any federal law that would preempt state protection of customer lists and cites no case authority for its assertion that the Supremacy Clause preempts state laws that protect customer lists.  Accordingly, the Supremacy Clause does not preempt state protection of customer lists.

*2.    California's Business & Professions Code § 16600*

AirTight argues that the claims based on non-secret information are barred by California's Business & Professions Code § 16600, which prohibits impermissible trade restraints.  Section 16600 states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Contracts that protect an employer's confidential information are valid, enforceable, and not prohibited by § 16600. *Gordon v. Landau*, 49 Cal. 2d 690, 694 (1958) (en banc); *Thompson v. Impaxx, Inc.*, 113 Cal. App. 4th 1425, 1430 (2003).  "California courts have consistently declared this provision an expression of public policy to ensure that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice." *Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal. App. 4th 853, 859 (1994).  "'[T]he employer will be able to restrain by contract only that conduct of the former employee that would have been subject to judicial restraint under the law of unfair competition, absent the contract.'" *Id.* at 861 (quoting Hays, *Unfair Competition-Another Decade*, 51 Cal. L. Rev. 51, 69 (1962)).

AirDefense argues that there is protection for customer lists even if they are not trade

secrets. The California Court of Appeal has stated that "information about [] customers could be protected because it was confidential, proprietary, and/or a trade secret." *Thompson*, 113 Cal. App. 4th at 1429. However, once a customer list is designated as public information and not a trade secret, it is available for use by anyone. *Sacks*, 213 Cal. App. 3d at 633 (holding that "in the absence of a protectable trade secret, the right to compete fairly outweighs the employer's right to protect [its customer lists]").

**C.     Failure to Allege Requisite Elements**

AirTight argues alternatively that claims five, six and seven fail to allege the requisite elements of the torts upon which the claims are based. Because claims six and seven are preempted by the CUTSA, the Court need not reach the merits of this argument as to those claims. The Court agrees with AirTight that claim five, for intentional interference with prospective economic advantage, is insufficient as presently pled.

*1.     Intentional Interference With Prospective Economic Advantage*

As stated above, the elements of a claim of intentional interference with prospective economic advantage are: "1) an existing economic relationship or one 'containing the probability of future economic benefit'; 2) knowledge by the defendant of the relationship; 3) acts by defendant designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) damages proximately caused by the acts of the defendant." *AccuImage Diagnostics Corp.*, 260 F. Supp. 2d at 956 (quoting *Della Penna*, 11 Cal. 4th at 380 n.1). The plaintiff "must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna*, 11 Cal. 4th at 377.

AirDefense does not identify any "existing economic relationships" in its FAC. The only companies identified as current or former customers of AirDefense are McDonald's and Volkswagen, and the only reference to these companies is in a declaration attached to the FAC. *See* FAC Ex. A pp. 2-3. AirDefense has not specified in its allegations with whom it had economic relationships, what disruption took place, and the amount of damages that resulted. These deficiencies may well be cured by amendment.

**IV. ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss claims two, three, four, six and seven, as preempted under the CUTSA, is GRANTED WITH LEAVE TO AMEND. The motion to dismiss claim five for failure to state a legally cognizable claim also is GRANTED WITH LEAVE TO AMEND. Any amended complaint shall be filed and served within twenty (20) days after service of this order.

DATED: July 26, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-04615 JF
ORDER GRANTING THE MOTION TO DISMISS
(JFEX1)

This Order has been served upon the following persons:

Charles Tait Graves          tgraves@wsgr.com

David James Miclean          miclean@fr.com, arceo@fr.com

Huong Thien Nguyen           htnguyen@wsgr.com, cjohnston@wsgr.com

Katherine D. Prescott        prescott@fr.com, horsley@fr.com

Nagendra Setty               nsetty@fr.com, cwalker@fr.com, rmorgan@fr.com